IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL VARELA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-4805-P |
| | § | NO. 3:04-CR-0143-P |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Victor Manuel Varela, a federal prisoner, has filed an application for writ of error *coram nobis*. For the reasons stated herein, the application is DENIED. Petitioner's motion to proceed *in forma pauperis* [dkt. no. 4] is DENIED as moot.

I.

Petitioner pled guilty to one count of bank fraud and was sentenced to 27 months' imprisonment. *See United States v. Varela*, No. 3:01-CR-271-G (N.D. Tex. Apr. 3, 2002). After serving his sentence, Petitioner was deported to Mexico. He re-entered the United States shortly thereafter and was subsequently convicted of illegal re-entry after deportation. *See United States v. Varela*, No. 3:04-CR-143-P (N.D. Tex. Jan. 21, 2005). Due to his illegal re-entry conviction, his supervised release for the bank fraud conviction was revoked, and petitioner was sentenced to an additional 10 months imprisonment. *See United States v. Varela*, No. 3:01-CR-271-P (N.D. Tex. Jan. 21, 2005). He was again deported to Mexico, again re-entered the United States, and was convicted of another count of illegal re-entry after deportation and sentenced to 37

months imprisonment. *See United States v. Varela*, No. 2:10-CR-226-AT (W.D. Tex. Oct. 11, 2011). Petitioner's supervised release for his first illegal re-entry case was revoked and he was sentenced to an additional 21 months' imprisonment after jurisdiction for his supervised release was transferred to the Western District of Texas. *See United States v. Varela*, No. 2:11-CR-103-AT (W.D. Tex. Oct. 11, 2011). Direct appeals in both of these Western District cases are now pending. Petitioner now seeks relief by way of writ of error *coram nobis*, claiming that his 2004 conviction in this Court for illegal re-entry was invalid.

II.

A writ of error *coram nobis* is appropriate when a defendant is no longer in custody but "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (*quoting United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)). A petitioner must establish "compelling circumstances" of fundamental error to justify this extraordinary relief. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

Initially, petitioner is not eligible for *coram nobis* relief since he remains in custody pursuant to an order revoking his supervised release for the conviction he challenges. *See, e.g., United States v. Harris*, No. 4:96-CR-066-Y, 2005 WL 839448, at *1 (N.D. Tex. Apr. 8, 2005). In any case, petitioner has failed to satisfy the heavy burden to justify *coram nobis* relief. Petitioner's motion is wholly premised upon his

belief that Title 18 of the United States Code was improperly enacted and that its provisions may not be applied to him. That claim is entirely without merit. *See, e.g., Lister v. United States*, No. 3:06-CV-1355-N, 2006 WL 3751324, at *1-2 (N.D. Tex. Dec. 20, 2006); *see also Liner v. Doe*, No. 5:11-CV-72-DCB-JMR, 2011 WL 3648476, at *1 (S.D. Miss. Aug. 16, 2011) (citing numerous cases rejecting this "clearly frivolous" claim). Petitioner alleges no "fundamental error" sufficient to permit *coram nobis* relief.

## CONCLUSION

Petitioner's application for writ of error *coram nobis* is DENIED. Because there is no filing fee for a *coram nobis* petition filed by a petitioner convicted in this Court, his motion to proceed *in forma pauperis* [dkt. no 4] is DENIED as moot.

SO ORDERED.

DATED: December 3, 2012.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE